## BEALE, Defendant in Error, v. CULLUM, INTERPLEADER, Plaintiff in Error.

1. Where the instructions given to the jury by the court below fully cover the case, the supreme court will not reverse a judgment because of a refusal to give instructions which are included in others submitted to the jury.

*Error to St. Louis Court of Common Pleas.*

This was an attachment suit brought by the plaintiff in July, 1857. The writ was returned by the sheriff as executed by attaching and taking into possession certain property as property of defendant, consisting of millinery goods. Cullum filed his interplea, claiming that in July, 1857, he was the owner and entitled to the possession of the goods attached by the sheriff. Witnesses testified that one D. Berry had

transacted business with them, representing himself as the agent of Cullum; that Berry had demanded these goods from the sheriff as belonging to Cullum. One of the firm of auctioneers, in whose house the goods attached were found, testified that Berry had charge of goods there for Cullum. He paid a bill of freight and charges on a box of goods marked diamond C. Berry sold goods for Cullum. Carnahan had no goods there so far as he knew. Berry sold goods for Cullum in the spring before at our house at auction. Saw Berry there from day to day. Witness Cochran testified that he was in St. Louis in the latter part of June, 1857, and July also; that he sold goods to Berry to the amount of five or six hundred dollars; that he bought them in the name of Cullum. The goods consisted of bonnets, ribbons, laces, &c., such as levied upon by the sheriff. Plaintiff offered in evidence a number of depositions to show the character of Berry for truth and veracity, and to show that he had failed in business and was insolvent. Depositions admitted.

*Knox & Kellogg*, for plaintiff in error.

*Page*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

There is no point of law raised in this case. If the depositions, to the reading of which the interpleader objected, were merely irrelevant, as he contended, then the judgment will not be reversed for that cause. Moreover, from the part Berry acted in the transaction, we will not say that the plaintiffs in the cause were not entitled to show that he had failed in business and was insolvent, and this, it is alleged, is all that the depositions proved. At any rate we do not see how the fact could mislead or prejudice the jury.

The instructions given to the jury fully covered the case, and we do not see how the interpleader could be prejudiced by the refusal of the court to give those of whose rejection he complains.

The judgment is affirmed. The other judges concur.